IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CLIFFORD L. McWHORTER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05-CV-430-F |
| | ) | WO |
| | ) | |
| BULLOCK COUNTY SHERIFF DEPT., | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Clifford L. McWhorter, Jr., a county inmate, challenges the constitutionality of his confinement on criminal charges pending against him before the Circuit Court of Bullock County, Alabama.

Upon review of the complaint, the court concludes that this case is due to be dismissed prior to service of process under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**DISCUSSION**

**I. The Bullock County Sheriff's Department**

The plaintiff names the Bullock County Sheriff's Department as the sole defendant in this cause of action. The law is well settled that a county sheriff's department "is not a

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process, regardless of the payment of a filing fee, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

legal entity and, therefore, is not subject to suit or liability under section 1983." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that the plaintiff's claims against the Bullock County Sheriff's Department are due to be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *Id.*

## II.  The Challenge to Confinement

McWhorter challenges the constitutionality of criminal charges pending against him before the Circuit Court of Bullock County and his confinement pursuant to such charges. These claims entitle the plaintiff to no relief in this cause of action.

Under the decision of the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. In this case, the plaintiff has an adequate remedy at law because he may pursue any federal constitutional issues through remedies available in the state court system during the on-going state criminal proceedings. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Moreover, the plaintiff has not alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact that the plaintiff must endure state criminal proceedings fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45.

In light of the foregoing, this court must abstain from considering the merits of McWhorter's claims for relief related to the criminal charges pending against him and his resulting confinement. Summary dismissal of these claims is therefore appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not cognizable in a 42 U.S.C. § 1983 action at this time.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The claims presented against the Bullock County Sheriff's Department be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The plaintiff's challenges to the criminal charges pending against him before the Circuit Court of Bullock County, Alabama and his confinement pursuant to these charges be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

3. This case be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that on or before May 31, 2005 the parties shall file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of May, 2005.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE